IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAUL J. MARTINEZ,

        Plaintiff,

v.                                      No. CIV 09-453 LH/LFG

MICHAEL J. ASTRUE,
Commissioner of the
Social Security Administration,

        Defendant.

## REPORT AND RECOMMENDATION THAT CASE BE DISMISSED, WITHOUT PREJUDICE[1]

THIS MATTER is before the Court *sua sponte*. On May 8, 2009, Plaintiff Paul J. Martinez, who initially was represented by counsel, filed a complaint against Defendant. [Doc. 1.] On October 28, 2009, the Court set the briefing schedule for Plaintiff's motion to reverse or remand. [Doc. 13.] Plaintiff requested and received several extensions to file his motion to reverse. [Doc. Nos. 15, 17.]

On April 5, 2010, Plaintiff's attorney filed an unopposed motion to withdraw as counsel and asked that Plaintiff be allowed to secure new counsel or proceed *pro se*. [Doc. 18.] On April 14, 2010, the Court granted counsel's request to withdraw but expressly warned Plaintiff that failure to prosecute this action, should he proceed *pro se*, could result in dismissal of the action. "[A] plaintiff *pro se* must abide by the pertinent federal rules of civil procedure . . . ." "[I]f Martinez does not file

---

[1] **Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.**

his motion to reverse or remand by the amended deadline for doing so, the proceeding could be dismissed for failure to prosecute." [Doc. 18.]

As of this date, no counsel has filed an appearance on behalf of Martinez, and Martinez failed to file a motion to reverse or remand by the amended deadline of May 5, 2010.[2] Moreover, he did not request or obtain another extension of time to file his motion. Thus, the Court recommends that the entire proceeding be dismissed, without prejudice, for failure to prosecute. *See* Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (*citing* Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386 (1962)).

## Recommendation

The undersigned Magistrate Judge recommends that this action be dismissed, without prejudice, for failure to prosecute and that judgment be entered in favor of Defendant.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[2]This deadline has been amended three times.